**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**MOUSA SEHAT** **PETITIONER**

**V.** **Civil Case No. 5:26-cv-00226-DCB-BWR**

**WARDEN, *Adams County Correctional Center* and DIRECTOR, *ICE New Orleans Field Office*** **RESPONDENTS**

**REPORT AND RECOMMENDATION**

Petitioner Mousa Sehat ("Petitioner"), a native and citizen of Iran, filed his pro se Petition [1] for writ of habeas corpus under 28 U.S.C. § 2241 on March 26, 2026, challenging his detention and seeking his immediate release from Immigration and Customs Enforcement's ("ICE") detention. Having considered the Petition [1] and Supporting Memorandum [2], the Response [9], the Reply [10], and relevant law, it is recommended that the Petition be dismissed without prejudice because Petitioner's post-removal-period detention claim is premature under the framework set forth in *Zadvydas v. Davis,* 533 U.S. 678 (2001).

**I. BACKGROUND**

In November 2024, Petitioner unlawfully entered the United States, was taken into custody by Border Patrol, and was served with Form I-860, a Notice and Order of Expedited Removal, and Form I-296, a Notice to Alien Ordered Removed. *See* Ex. A to Resp. [9-1] at ¶ 5. On November 13, 2024, Petitioner was transferred from Border Patrol to ICE custody and was transferred to the Adams County Correctional Center ("ACCC") in Natchez, Mississippi on November 22, 2024. *Id.* ¶¶ 6-7. On February 10,

2025, Petitioner was issued a Notice to Appear initiating removal proceedings as an arriving alien. *Id.* at ¶ 8.

On September 3, 2025, an immigration judge ordered Petitioner removed from the United States to Iran. *Id.* at ¶ 9. Petitioner appealed to the Board of Immigration Appeals ("BIA"), and BIA dismissed his appeal on February 6, 2026. *Id.* at ¶¶ 10-11; *see also* Pet. [1-1] at 2.

On February 25, 2026, Enforcement and Removal Operations ("ERO") determined that Petitioner's passport was expired and requested valid travel documents from Iran. That same day, Iran issued valid travel documents. ERO served Petitioner with a Warrant of Deportation and sent the 90-day Post Order Custody Review documents to the detention facility for service on Petitioner. *See* Ex. A to Resp. [9-1] at ¶ 12.

On March 23, 2026, Petitioner filed a motion to reconsider with the BIA. *Id.* at ¶ 12. The motion was denied on June 18, 2026.[1]

Petitioner filed his Petition on March 26, 2026, alleging a violation of 8 U.S.C. § 1231(a)(6), violation of the Due Process Clause, and that his "continued detention is arbitrary and not justified." Pet. [1] at 6. Petitioner requests the Court to order his immediate release from ICE custody. *Id.* at 7. Petitioner is currently detained at

[1] *See* https://acis.eoir.justice.gov/en/caseInformation/ (last visited August 5, 2026). The Court takes judicial notice that, according to the Executive Office of Immigration Review's public website showing automated case information, "[a] Motion to Reconsider BIA Jurisdiction was completed on **June 18, 2026**. It was **Denied**." *Id.* (emphasis in original); *see also* Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

ACCC in Natchez, Mississippi.

## II. DISCUSSION

28 U.S.C. § 2241 confers federal district courts "within their respective jurisdictions" the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241. The writ of habeas corpus is "available to every individual detained within the United States," including noncitizens. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).

"A district court has subject matter jurisdiction to hear an alien's Section 2241 petition challenging the lawfulness of his or her detention." *Wekesa v. United States Att'y*, No. 22-10260, 2022 WL 17175818, at *1 (5th Cir. Nov. 22, 2022); *see also Demore v. Kim,* 538 U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision barring habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail."); *Imran v. Harper,* No. 25-30370, 2026 WL 93131, *1 (5th Cir. Jan. 13, 2026) ("[D]istrict courts have subject-matter jurisdiction to review § 2241 petitions challenging the lawfulness of a noncitizen's detention . . . .").

Petitioner's removal order became administratively final on February 6, 2026, when the BIA dismissed his appeal. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals . . . ."). Thus, Petitioner's detention is governed by 8 U.S.C. § 1231, which

provides that "the Attorney General shall remove the alien from the United States within a period of 90 days (. . . referred to as the 'removal period')[,]" during which time the alien shall be detained. 8 U.S.C. § 1231(a)(1)(A), (a)(2).

"After that time elapses, however, § 1231(a)(6) provides only that certain aliens '*may* be detained' while efforts to complete removal continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original). In *Zadvydas*, the Supreme Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." 533 U.S. at 699. "*Zadvydas* then concluded that six months was a presumptively reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas,* 533 U.S. at 701); *see also Hersh v. U.S. ex rel. Mukasey*, 553 F.3d 743, 757 (5th Cir. 2008) (acknowledging the Court's holding in *Zadvydas* that the presumptively reasonable six-month period of detention begins after the 90-day removal period) (citing *Zadvydas,* 533 U.S. at 682-83, 688-89, 701). "After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings,* 583 U.S. at 299 (quoting *Zadvydas,* 533 U.S. at 701). "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

*Zadvydas*, 533 U.S. at 701.

While the 90-day removal period has expired, the six-month period of presumptively valid detention following the removal period will not expire until approximately November 7, 2026. Thus, Petitioner "has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Consequently, any challenge to his . . . post-removal-order detention is premature." *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011); *see also Zadvydas,* 533 U.S. at 701 ("*After this 6-month period*, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.") (emphasis added); *Andrade,* 459 F.3d at 543 ("*Zadvydas* thus created a '6-month presumption' of the validity of detention under § 1231, *after which* an alien could attack the reasonableness of his continued detention.") (emphasis added).

## III. RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition [1] be denied and dismissed without prejudice.

## IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report

and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this 10th day of August, 2026.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE